**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERNEST JAMES BROWN TRUST,

    Plaintiff,

v.                                                                   Case No. 8:20-cv-962-T-60AAS

DANIEL BRANIFF, et al.,

    Defendants.

_____/

**ORDER DENYING CONSTRUED MOTION TO PROCEED**
***IN FORMA PAUPERIS* AND DISMISSING CASE**

This matter is before the Court upon Plaintiff Ernest James Brown Trust's "Petition to Compel Arbitration with Incorporated Memorandum of Law." (Doc. 1). Plaintiff seeks to compel arbitration of certain trademark infringement claims, and it has requested to proceed *in forma pauperis*. After reviewing the petition, court file, and the record, the Court finds as follows:

*Frivolous Action*

Under 28 U.S.C. § 1915, a district court is required to dismiss a complaint if the court determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e). Although this provision only applies to *in forma pauperis* proceedings, the Eleventh Circuit has additionally recognized that a district court possesses "the inherent authority to dismiss a patently frivolous complaint" even if a filing fee has been paid. *Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184, at *2 (11th Cir. 2012).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Craven v. Florida*, No. 6:08-cv-80-Orl-19GJK, 2008 WL 2856830, at *2 (M.D. Fla. July 22, 2008) (citing *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)). In particular, "legal theories are frivolous when they are 'indisputably meritless," and dismissal is warranted of any "claims of infringement of a legal interest which clearly does not exist." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 329 (1989)).

Plaintiff attempts to bring suit against several assistant state attorneys, assistant public defenders, a state circuit court judge, and the Pinellas County Sheriff, purportedly to compel arbitration of certain trademark infringement claims. According to Plaintiff, the named Defendants are violating its "common law" trademark in the name of a criminal defendant when persons associated with the State of Florida use the criminal defendant's name during the state criminal proceedings – for instance, by providing notice of the arraignment hearing. This action is completely nonsensical and patently frivolous.

***Federal Jurisdiction Lacking***

The courts of the United States have limited and very defined jurisdiction. They do not have the authority to hear all cases that parties might choose to bring before them. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that federal courts possess limited jurisdiction, as authorized by Constitution and statute, and it is therefore to be "presumed that a cause lies outside this limited jurisdiction"). Plaintiff has failed to establish that this Court has

jurisdiction to entertain its claims under any recognized basis for federal court jurisdiction, nor has it shown that it is plausibly entitled to any relief.

### *Trust Must Be Represented by Attorney and the Unauthorized Practice of Law*

"[B]ecause Plaintiff is a trust, Plaintiff is required, under 28 U.S.C. § 1654, to be represented by an attorney." *Mitchelle Art 89 Trust v. Astor Alt, LLC*, No. 1:15-cv-463-WSD, 2015 WL 4394887, at *1 (N.D. Ga. July 15, 2015). It appears that Plaintiff purports to be represented in this action by Boris Roger Erickson as the Trustee of the Ernest James Brown Trust. Erickson is not a plaintiff in this action, and he is not an attorney authorized to practice law in this Court. Consequently, Plaintiff is required to be represented by counsel, and Boris Roger Erickson may not represent Plaintiff in this action.

### *In Forma Pauperis Not Available Here*

In addition, the Court finds that Plaintiff – as an artificial entity – is not entitled to proceed *in forma pauperis* in this action. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 212 (1993) (holding that artificial entities may not proceed *in forma pauperis*). Although the Court could simply deny the construed *in forma pauperis* petition and direct Plaintiff to obtain counsel and to pay the filing fee, it declines to do so here because the petition is patently frivolous on its face and due to be dismissed without leave to amend.

### Conclusion

The petition is patently frivolous and warrants dismissal. Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 1) is denied, and this case is dismissed without leave to amend.

## **WARNING**

When someone chooses to file an action in court, they have an obligation to do so in good faith and for proper purposes. This is true for parties represented by lawyers as well as parties representing themselves. Unfortunately, parties occasionally attempt to weaponize the court system and use it as a tool to harass, embarrass, intimidate, retaliate and waste other people's time and resources. Others occasionally attempt to use the courts to vindicate personal grievances, real or imagined, with no connection to the parties they choose to sue. In those rare instances when parties attempt to use the court system for improper purposes, judges have a responsibility to stop it while at the same time always respecting the rights of parties to pursue legitimate claims.

It is very clear that neither Plaintiff nor Boris Roger Erickson is proceeding in good faith. Instead, they are attempting to use the courts for improper purposes; these efforts will not be allowed to continue in this Court. Both Plaintiff and Boris Roger Erickson are warned that if they continue to abuse the court system for improper purposes, they will be subject to sanctions, including monetary sanctions and injunctive sanctions preventing them from filing any documents – including any action, complaint, petition, or motion – without prior written approval. Boris Roger Erickson is further warned that he may be subject to criminal prosecution for engaging in the unauthorized practice of law if he continues to send letters or file lawsuits on behalf of entities when he is not a licensed attorney in this jurisdiction.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The construed motion to proceed *in forma pauperis* (Doc. 1) is **DENIED**.

2. This case is **DISMISSED** without leave to amend.

3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**